This is case number 4160061, People v. Staple, for the appellate of Allison Page Brooks and for the appellee, Darren Kimmel. Ms. Brooks. Thank you, Your Honor. I'm Allison Page Brooks, appearing on behalf of the people. May it please the court and counsel. This case turns on one issue, which is, what is the nature, scope, and extent of the constitutional, federal constitutional right to protection against double jeopardy? Because the Illinois constitutional right is the same extent, and the statutory bar, section 3-4, is simply a codification and provides no additional grounds for relief. So, the question again is whether this is a federal constitutional protection against double jeopardy case. And the defense says that it is, and the state says it was not. And one of the issues in which this issue turns is whether the greater charge was pending at the time the defendant pleaded guilty to the lesser included offense. And the defendant relies on cases like Sinkowitz, which is simply an application of the Brown v. Ohio rule, where the defendant in that case was put on trial twice, and after the conclusion of that proceeding, then was charged again. And that case was distinguished in Ohio v. Johnson, a later U.S. Supreme Court case. So, Brown v. Ohio was where there was first a charge of joyriding, pleaded guilty, and was sentenced. Subsequently, he was indicted for auto theft, which is an included offense. That later charge was barred because it was not part of the same prosecution. The defendant's reading of the same prosecution is not the same as the state's reading. It's not the same as the Ohio v. Johnson reading of what the same prosecution is. The same prosecution does not, under the Buchanan case, which is the Fourth Circuit Court of Appeals, does not mean that all the charges were brought in a single indictment. Because Buchanan was the capital murder case where the defendant in that case initially had pleaded not guilty to other murder charges, then claimed on appeal that his counsel was ineffective for advising him to plead not guilty to murder charges when his sole goal was to avoid the death penalty. And because he had pleaded not guilty to capital murder charges, his theory was that he lost the opportunity to enter his own, he could have, his theory was that he could have just simply had an unrestricted right to come in and plead guilty to a lesser offense and thereby invoke double jeopardy and preclude the state from pursuing a capital murder charge that was already pending. That is why the Fourth Circuit rejected that defendant's claim of ineffective assistance because under Ohio v. Johnson it didn't matter whether the multiple counts were brought in a single indictment or not. It was still a single prosecution case. So the defense claimed in this case that these were multiple prosecutions, but it's not because under Buchanan's case it doesn't matter whether these were brought separately and there's now the defendant found a transcript saying that the state was given an opportunity to consolidate these charges and said that they didn't want to. Now the only time that would become important is because if this case had proceeded to a trial, an actual trial on misdemeanor DUI, then the result of that trial would either have been an acquittal, which would have barred the prosecution on a greater charge because of double jeopardy, or the language of Ohio v. Johnson where the state has an opportunity to marshal its resources twice against a defendant. That language of Ohio v. Johnson would take this case out of the ambit of its holding and the defendant would gain a protection against double jeopardy had the state, with it separately proceeding, at the same time, it fell in misdemeanor charges, then it elected on a misdemeanor charge, tried the defendant, secured a guilty verdict. In that case, the defendant would be able to say, once they decide to try him for felony, to then say, at that point, invoke his right to double jeopardy and say he's already been tried for the misdemeanor offense, whether he was, if he was acquitted, then it's definitely double jeopardy because he's been acquitted on a lesser charge, but if he's convicted, he's still been tried more than once. He wouldn't be able to be tried again. In other words, Ohio v. Johnson says if you just plead guilty, then the state has never had that opportunity to gain a conviction on the greater charge. And they haven't had a chance to hone their presentation in their case and marshal the resources more than once. In other words, there's none of the overreaching that the double jeopardy protection is supposed to guard against. Counsel, I have a question. We know that the double jeopardy clause also protects against multiple punishments for the same offense. So if we accept your argument, where does that leave us on, you know, remand, when things go back?  I understand, Your Honor. That's not a concern of this Court in this appeal because of the Ohio v. Johnson case and also the Price case. Because the protection against multiple punishments does not entitle a defendant to object to being prosecuted for the greater charge. It only takes effect if the defendant is convicted of the greater charge after having pleaded guilty to the lesser charge, in which case then he would be entitled to full sentencing credit. As a matter of state law, in other words, the Court would have to decide if, for example, if he's already served six months in jail on a misdemeanor, as should the hypothetical case, then he would be entitled to credit against that subsequent felony sentence. If he was, for example, sentenced to prison, he would then get credit. That is what protection against multiple punishments means. It just simply is a matter of state law. Whatever punishment, fines, jail time he served would then be, he'd be entitled to a credit. And that's essentially all that protection means. And the trial court misapprehended the nature of that protection because it's obvious from cases like Ohio v. Johnson and Price that that's all that the protection against double, the double degree protection against multiple punishments is not entitling him to dismiss the felony charge, which is the relief that he sought and the relief that he received from the trial court. So that's premature, essentially. This Court doesn't have to be concerned about that protection. But it's a very interesting question and one that came to mind. Yes, it is. It is an interesting question. That's why I wanted to explain why it's not necessary for this Court to be concerned with remand instructions, for example. Sure. The defendant will have an entitlement to that double jeopardy protection if he is, in fact, prosecuted and convicted of the felony. And then it becomes an issue as to what sort of credit he would be entitled to for whatever sentence he received on the misdemeanor.  Thanks, Your Honor. So like the Foster case, there was a lesser included offense, arguably lesser included offense. They said that in any event under that case, it would not be barred because it was pending at the time of the guilty plea to driving too fast for conditions. So it really does turn on whether the greater charge was pending. But even Johnson goes farther. In the state-funded case out of Iowa, the Traynor case, which makes a mention that Johnson can even extend where the greater charge is even about to be filed. In other words, the defendant can't come into court a day before a felony charge because he knows, like, for example, if he knows that there's a grand jury proceeding and they're about to bring an indictment on the greater charge, then rush into court and say, Your Honor, I'd like to plead guilty to the lesser offense. He can't do that and then claim double jeopardy because then he would be estopped or his double jeopardy claim would be waived. And this is like offensive use of double jeopardy that would not be permitted. So this case, though, however, is already pending. So it's not necessary to rely on a SOPL or waiver, but the defendant here did, the day after pleaded guilty to the misdemeanor, without negotiating. I mean, he knew about the pending felony, but didn't negotiate for its dismissal. Instead, just decided that he thought that he had a right to get it dismissed under double jeopardy, which he was incorrect. But he thinks that he's outmaneuvered the state, and so far, based on the trial court's ruling, it looks like that would be the case. But the trial court's ruling was erroneous as a matter of law and should be reversed. The defendant outmaneuvered himself by trying to take advantage of, make offensive use of a purely defensive right, which is the protection against double jeopardy. So the question, again, is the statutory bar. And the Mueller case makes it obvious that this is purely a codification of constitutional double jeopardy rules. And the Brookhouse case says that it provides no additional grounds for relief. So this is simply just reject the defendant's claim of a statutory violation of his protection against former prosecution by just simply saying that this is, if he doesn't have a federal constitutional right, the state constitutional right is the exact same extent, and therefore the statutory bar should be interpreted in the exact same way and not provide him an additional ground for relief. And the other thing is that the additional, this is a different offense situation. So it's Section 3-4B1 and not 3-4 subsection A. But the Mauricio case cites Jackson, an Illinois Supreme Court case, and it shows that those subsections or those statutory provisions are not intended to apply and do not apply to cases where one of the charges was brought, the lesser charge here, was brought by uniform traffic citation and complaints. So the defendant is trying to invoke a right to double jeopardy with, and this claims, any issue as to compulsory joiner because this was brought by uniform traffic citation and complaints, and he knows it's not subject to compulsory joiner. So he's trying to claim double jeopardy because of a simultaneously pending prosecution. He elected to plead guilty to the lesser charge brought by citation and complaint. And now he wants to bar the felony from consuming, and he should not be permitted to have that result. So I would request the court to reverse the trial court's dismissal of the aggravated DUI charge, and I will address you again on the rebuttal. Thank you. Thank you. Mr. Kimmel. May it please the court, counsel? I'm Jaron Kimmel, and on behalf of the Office of the State Defender, I represent Lincoln-Staple. The double jeopardy clause bar is exactly what the prosecution tried to do in this case. Multiple separate prosecutions for the same offense. After a conviction or an acquittal, you cannot go forward on a separate prosecution for the same offense. That's the general rule. Now, courts have clarified a few very specific situations where this protection does not apply, but those are incredibly fact-intensive exceptions. The state cites to some of those cases and selectively quotes language from those cases to misapply those very fact-specific rules to this case where they don't apply. So I want to go through these three specific scenarios the courts have elucidated as exceptions to this general rule of protection that does apply in this case. The first scenario is where multiple charges are filed together and remain together in one prosecution. That's the Ohio v. Johnson Supreme Court case, and that's this court's decision of People v. Price. These courts have said if it's one prosecution, it does not matter if the defendant pleads guilty to a single count. You can't then try to argue that the remaining counts are a separate prosecution. The court said that was always one case. Double jeopardy protections against multiple prosecutions does not apply in that situation because it's still one case. The second scenario is where multiple charges are filed separately, but are then consolidated together into one prosecution. And that has the same result. Even though they started separately, they were joined together. And so the same thing. You can't plead guilty to one count and then try to argue that somehow those charges, which have been combined, are separate prosecutions. That's the Fifth District's decision of People v. Foster. The state cites on its opening brief. It's also its new case on reply brief, Buchanan v. Angelone, a Fourth Circuit Federal Court of Appeals case. It's actually a habeas appeal. It's a tortured procedural case. But what happened at trial there was separately filed charges were combined and went to trial in one case. That's all we're talking about in Buchanan. The state relies on that extensively, and it's not helpful to its position here. The third scenario, which I think is most important for the scenario we face here, the third exception, is where the charges are filed separately initially, and the prosecution moves to combine them together, and the defendant takes action to block that attempt. The defendant objects to the combination of the cases. That's what happened in Jeffers v. United States, the Supreme Court case that I think is the most important case here. And the state fails to address it ever in its reply brief and its opening brief and its argument here. Jeffers, I think, is fatal to the state's argument. What the court said was if you the defendant block the prosecution from combining these cases and eliminating your double jeopardy peril, you then cannot turn around and argue double jeopardy to dispose of the remaining case because you've created your own harm. You've created that peril. That is a very specific exception that Jeffers explains to the general rule that applies to this case. Now, none of those, this case does not fit any of those specific examples of exceptions to the general rule. Here, the misdemeanor simple DUI offense that Mr. Staple ultimately pled guilty to and the felony ag DUI charges against Mr. Staple were filed separately. They started off apart. The state had an opportunity to combine them at arraignment and chose affirmatively to keep them separate. They proceeded in front of separate judges with separate state's attorneys prosecuting them. Had the prosecution attempted to combine these cases, as in Jeffers, and Mr. Staple objected to that combination, this would be a very different case and the state would be absolutely correct to argue that double jeopardy would not apply, as in Jeffers. That's not what happened here. This is the exact opposite outcome of Jeffers. The prosecution made a serious mistake here. And Mr. Staple has invoked his constitutional rights as is proper. Now, the state, because of its mistake, has lost a felony conviction. But as the second district explained in People v. Brenner, it's not an appropriate outcome to strip Mr. Staple, strip the defendant of his constitutional right to fix the prosecution's mistake below. That's an inappropriate outcome. It's true the prosecution messed up in this case. But there are many decisions the prosecution has to make when presenting the state's case, that if it makes mistakes on, there will be serious consequences. This is one of them. Now, the state talks briefly about a case out of Iowa, State v. Trainor. It builds on to Ohio v. Johnson. It doesn't explain the rule of Ohio v. Johnson. It says that if there's a pending charge, that that's the same thing as if the cases are actually combined together. That's incorrect. And Trainor is bad law. The difference between a situation such as this or in Trainor where the cases are separate but pending at the same time and a situation where they're actually combined into a unified case, as in Ohio v. Johnson, the difference is which piece of the double jeopardy clause is the case analyzed under. So, Your Honor, Justice Holder-White's question goes to this issue, the issue of protection against multiple punishments or versus multiple prosecutions. If the cases are combined, the only issue, as in Johnson, is multiple punishments, the protection against that. If the cases are separate, then the issue of multiple prosecutions is at play. In Johnson, the court simply said, because they're together, the protection against multiple prosecutions is not at issue, and so all we need to look at is multiple punishments. Here, multiple prosecutions is at play, and that should decide this case. For all these reasons, this court should affirm the lower court's decision. Thank you. Thank you. Is there any response? No. The defendant's argument attempts to take away the force of the State's citation to Buchanan by claiming that the charges in that case were consolidated by the time of trial, but I think the defendant sort of misapprehends what the nature of the claim in Buchanan was, which was the Sixth Amendment claim. And the distinction in that case is that he was charged separately in separate indictments. He could have came in at arraignment, for example, right away and said, Your Honor, he's pleading guilty to one of these non-capital murders, and that he says that his counsel should have advised him to do that. Now, whether those charges were consolidated and tried together after that happened is not the point of Buchanan. The point is he was charged in separate indictments, and he could have pleaded guilty under a separate charge and not gone to trial on all the charges together. So the defendant's attempt to distinguish the Buchanan case fails because it doesn't matter whether they were consolidated or not or what the intent was behind the prosecution there. It was simply a matter of, does it violate double jeopardy if a defendant comes in and pleads guilty to a lesser included offense that is brought in a separate indictment? That's what Buchanan stands for. It says no, it would not, and implies Johnson passed its facts. Essentially, Johnson is not limited to his own facts of being brought in a single indictment. So I understand the defendant's claim that Jeffers is important. Jeffers was decided in 1977. So when Jeffers is distinguishing Brown, the case from the Joywriting case, Brown was also decided in 1977 that they didn't have the benefit of Pio B. Johnson, which was decided in 1984. So Jeffers is not saying this is the extent of the double jeopardy clause. You have to have a – according to the defendant here, I guess, he's saying that the prosecution has to make a motion to consolidate or it is a double jeopardy case. And only then, if the defendant objects, then it's not a double jeopardy case. That's not what Jefferson means, decided in 1977, when we have the benefit of Pio B. Johnson decided seven years later in 1984. So Jeffers is not a limitation here on the state's argument. And Buchanan does apply and support the state's argument contrary to the defendant's attempt. And one prosecution, a single prosecution, does not mean that they were filed together in the same indictment. So this is a single prosecution case, even though the charges were brought separately. And so for those reasons, this Court should reverse the trial court's dismissal of aggravated DUI. And I'll entertain any other questions you have. I always thank you, Your Honors. I see none. Thanks to both of you. The case is submitted, and the Court stands in recess.